In the Matter of P. WALKER MORRISON et al., as Trustees, Petitioners, *v.* BRIGHTON OPERATING CORP., Respondent.

Supreme Court, Special Term, Kings County, January 24, 1945.

*Kramer & Kaprow* for petitioners.

*Isaac Ellman* for respondent.

HOOLEY, J. Motion pursuant to section 1077-c of the Civil Practice Act directing Brighton Operating Corp. to pay to petitioner $3,590.71 representing alleged surplus income for the year ending August 31, 1944. The audit made by the moving party, it is claimed, results in the surplus above specified.

Substantially the entire dispute rests upon the legality of four items which the petitioner seeks to disallow. They are as follows:

1) attorneys' fees for Office of Price Administration proceedings .......................... $ 600.00
2) management fees in excess of 3% ............ 1,022.34
3) a payment of interest now held by the petitioner in escrow ..... .......................... 1,816.05
4) telephone and miscellaneous charges......... 10.22

It must be remembered that we are dealing with a building containing seventy-two apartments. That necessarily means that under ordinary conditions there are bound to be legal expenses. The legal fees in question were incurred in connec-

tion with management problems presented by the jurisdiction over rents recently acquired by the Office of Price Administration. This involved contests before that Office and considering the number of apartments the charge is not improper and is allowed.

The next question involves a decision as to whether 3% or 5% is a proper deduction for management fees. Both sides submit affidavits as to the prevailing and customary charge for such services under the conditions existing. Upon the proof before the court it appears that the prevailing management fees for property of this type are 3% and all charges above that amount for that purpose are disallowed. The largest item in dispute, viz., $1,816.05, concerns moneys held in escrow by petitioners. There is still pending between the parties the question as to whether the respondent is obliged to pay interest at the rate of 6% or 5%. The decision of the Appellate Division has fixed the present rate at 5% (268 App. Div. 1000). For the first nine months involved in this proceeding the respondent paid interest at the rate of 6%, 1% of which was to be held in escrow pending the outcome of the litigation. This 1% amounts to the $1,816.05 in dispute. Petitioner now seeks to apply the same in reduction of the mortgage. It is proper that the disposition of such moneys await the result of the pending litigation. This is in accord with the decisions of Mr. Justice STEINBRINK and Mr. Justice MacCRATE in proceedings in respect to such moneys.

The item of $10.22 is allowed. Settle order on notice carrying into effect the decision as to these four items and indicating the surplus money to be paid.